UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24723-CIV-ALTONAGA/Reid

**BUR-TEX HOSIERY, INC.**; *et al.*,

    Plaintiffs,
v.

**ALEJANDRO GUARDIOLA**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Alejandro Guardiola's Motion to Dismiss [ECF No. 63]. Plaintiffs, Bur-Tex Hosiery, Inc. and INOV8 Marketing, LLC filed a Response [ECF No. 67]; to which Guardiola filed a Reply [ECF No. 68]. The Court has considered the parties' submissions and applicable law. For the following reasons, the Motion is granted.

**I. BACKGROUND**

Plaintiffs, INOV8 Marketing, LLC ("INOV8") and Bur-Tex Hosiery, Inc. ("Bur-Tex") — the sole member of INOV8 — sought to procure and sell medical gloves during the COVID-19 pandemic. (*See* Second Amended Compl. ("SAC") [ECF No. 26] ¶¶ 1–2). Defendants, Alejandro Guardiola and Elizabeth Labellarte, operated Blue Avian Ventures LLC ("Blue Avian"), a now-dissolved Florida company that purported to sell medical gloves. (*See id.* ¶¶ 4, 9). Guardiola was Blue Avian's sole member. (*See id.* ¶ 3).

In November 2020, INOV8, acting as Bur-Tex's purchasing agent, contracted with "Defendants (through Blue Avian)" to purchase nitrile gloves on behalf of Bur-Tex's customer, Cintas Corporation ("Cintas"). (*Id.* ¶¶ 13–14). Nitrile is a high-quality material that commands a substantially higher price than non-nitrile gloves. (*See id.* ¶ 10).

CASE NO. 24-24723-CIV-ALTONAGA/Reid

In late November 2020, after learning of Bur-Tex's need for nitrile gloves, Defendants — "either jointly, or with one acting as the designated agent and co-conspirator of the other" — sent INOV8 photos of boxes labeled "Durable Nitrile Disposable Gloves" and represented in an email or text message that the gloves were made of nitrile, despite knowing they were not. (*Id.* ¶ 14; *see also id.* ¶¶ 11–12). Relying on those representations, Plaintiffs purchased 18,290 boxes of gloves from Blue Avian at a cost of almost $15 per box — a high price that Plaintiffs accepted because they believed the gloves were nitrile. (*See id.* ¶¶ 15–16).

Defendants shipped the gloves to Cintas in December 2020. (*See id.* ¶ 17). Weeks later, Cintas discovered the gloves were not made of nitrile and returned them to Bur-Tex, which refunded Cintas the purchase price of $271,606.00. (*See id.* ¶¶ 17–18). Plaintiffs identify the lost purchase price, storage expenses, and "other significant related losses" as damages. (*Id.* ¶ 18).

In the SAC, Plaintiffs assert a single claim of fraud (Count I). (*See id.* ¶¶ 32–38).[1] On May 16, 2025, after Defendants failed to respond to the SAC or otherwise appear and the Clerk entered Defaults [ECF Nos. 35, 42] against Defendants, Plaintiffs filed a Motion for Final Default Judgment [ECF No. 44]. On June 6, 2025, the Court granted the motion, finding Defendants jointly and severally liable for the sum of $318,246; and entered Final Judgment [ECF No. 50] in favor of Plaintiffs on Count I of the SAC. (*See generally* June 6, 2025 Order [ECF No. 49]; Final J.). Subsequently, Guardiola appeared and filed a Motion to Vacate [the] . . . Final Judgment [ECF No. 54]. The Court set aside the Final Judgment. (*See* Oct. 2, 2025 Order [ECF No. 61] 6).[2]

---

[1] Bur-Tex initially sued INOV8 in October 2022 over the failed medical-gloves deal. (*See* SAC ¶ 19). In February 2025, Bur-Tex resolved its claims against INOV8 and acquired the company, "becoming its sole member, and inheriting . . . the right to sue for past fraud against [INOV8]." (*Id.* (alterations added)).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Guardiola now moves to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6), arguing that the independent tort doctrine and Uniform Commercial Code ("UCC"), Florida Statute section 672.102, bar the fraud claim; and Plaintiffs do not state a plausible or sufficiently particularized claim under Federal Rule of Civil Procedure 9(b).[3] (*See generally* Mot.). According to Plaintiffs, neither the independent tort doctrine nor UCC applies because the fraud claim is not based on a contractual breach. (*See* Resp. 9–12). Plaintiffs further assert they adequately plead a fraud claim. (*See id.* 3–8).

## II. LEGAL STANDARDS

***Rule 12(b)(6).*** "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

---

[3] While Guardiola also "incorporates" arguments he made in prior filings (Mot. 1), the Court considers only those arguments made in the Motion and Reply. "No federal rule allows a party to incorporate one motion, or even a portion thereof, into another motion." *Stansell v. Revolutionary Armed Forces of Columbia* [sic], No. 19-20896-Civ, 2019 WL 10377538, at *1 n.1 (S.D. Fla. Mar. 28, 2019) (citations omitted); *see also Dyer v. Wal-Mart Stores, Inc.*, No. 08-cv-747, 2010 WL 11474400, at *2 (M.D. Fla. Aug. 6, 2010) ("In general, in ruling on a motion to dismiss, the Court considers only the allegations within the [c]omplaint, and the arguments within the motion to dismiss and response." (alteration added)).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint "in a light most favorable to the plaintiff" and take its factual allegations as true. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

**Rule 9(b).** "Claims that sound in fraud must comply not only with the plausibility standard articulated in *Twombly* and *Iqbal*, but also the heightened pleading requirements of Rule 9(b)." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023) (citation omitted). As the Eleventh Circuit recently explained,

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* at 875–76 (quoting *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007)). Where, as here, a fraud action includes multiple defendants, a complaint must contain specific allegations as to each defendant; "generalized allegations lumping multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations and quotation marks omitted); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (same).

### III.  DISCUSSION

The Court begins by considering the applicability of the independent tort doctrine and UCC and then turns to Guardiola's argument that Plaintiffs fail to state a plausible or sufficiently particularized claim against him.

***Independent Tort Doctrine and UCC.***  Guardiola contends Plaintiffs' fraud claim is barred by the independent tort doctrine, which provides that "a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *La Dolfina S.A., LLC v. Meeker*, No. 20-82231-Civ, 2022 WL 6507718, at *9 (S.D. Fla. Aug. 19, 2022) (citation and quotation marks omitted); (*see also* Mot. 5–7).  Plaintiffs maintain the independent tort doctrine does not apply because they allege Guardiola's misrepresentation induced them to enter a contract — rendering the fraud claim independent of any contractual breach.  (*See* Resp. 9–12).

Guardiola fails to persuade that the independent tort doctrine or UCC applies.  (*See* Mot. 5–7).  Generally, a fraud claim based on a misrepresentation that allegedly induces a plaintiff to enter a contract is not barred by the doctrine.  *See MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 24-10678, 2025 WL 1807982, at *9 (11th Cir. July 1, 2025) (citation omitted).  Similarly, a fraud claim based on misrepresentations about "present circumstances that predated [a] contract" is generally not barred by the doctrine.  *Yuken Corp. v. Gedcore LLC*, No. 22-20661-Civ, 2022 WL 3701233, at *5 (S.D. Fla. June 21, 202 (alteration added; citing *Prewitt Enters., LLC v. Tommy Constantine Racing, LLC*, 185 So. 3d 566, 570 (Fla. 4th DCA 2016))).  Such is the case here.  Because Plaintiffs' fraud claim is based on a representation about "present circumstances" that predated any contract — the nature of Blue Avian's Durable Nitrile brand gloves — the independent tort doctrine appears not to apply.  *Id.* (citation omitted); (*see generally* SAC).

5

Guardiola also argues that the UCC applies because Plaintiffs' fraud claim arises from a sale of goods; and Plaintiffs' failure to comply with a UCC requirement regarding notice of nonconforming goods forecloses the claim. (*See* Mot. 5–7 (citing Fla. Stat. §§ 672.102, 672.601, 672.607(3)(a); other citations omitted)). Plaintiffs insist the UCC notice requirement is inapplicable because Guardiola knew the gloves were not nitrile when he shipped them to Cintas. (*See* Resp. 9–12).

As with Guardiola's independent-tort-doctrine argument, his UCC argument fails because Plaintiffs' fraud claim is not premised on an alleged breach of contract. (*See generally* SAC). Under section 671.607, Florida Statutes, a buyer in receipt of nonconforming goods must notify the seller of an alleged "breach" within a reasonable time "or be barred from any remedy" for a breach of express or implied warranty. *Id.*; *see also Matus v. Sport Squad*, No. 24-cv-60954, 2024 WL 5135678, at *4 & n.2 (S.D. Fla. Dec. 17, 2024) (explaining that section 671.607 applies to breach of warranty claims (citations omitted)). Because Guardiola fails to show that Plaintiffs' fraud claim is based on a breach of express or implied warranties in a contract — and offers no argument or authorities supporting the position that section 671.607 applies to fraud claims — the Court is not convinced the notice requirement applies to Plaintiffs' claim.[4]

***Failure to State a Fraud Claim.*** Next, the Court evaluates Guardiola's argument that Plaintiffs' allegations are insufficient to state a fraud claim. To plead fraud under Florida law, a plaintiff must allege that (1) a defendant made a false statement of fact, knowing it was false, to

---

[4] Nor does Guardiola explain why the notice requirement — which is "intended to give the seller an opportunity to inspect the defected product and cure any breach prior to the initiation of litigation" — should apply given that Plaintiffs allege Defendants *knowingly* misrepresented the nature of the gloves. *Fineman v. Ferragamo USA Inc.*, 672 F. Supp. 3d 1302, 1307 (S.D. Fla. 2023) (citation omitted), *appeal dismissed*, No. 23-11987-A, 2023 WL 5939033 (11th Cir. July 19, 2023); (*see* SAC ¶¶ 14, 34; *see generally* Mot.; Reply); *see also, e.g.*, *Wolff & Munier, Inc. v. Whiting-Turner Contracting Co.*, 946 F.2d 1003, 1009 (2d Cir. 1991) (explaining a party may generally be excused from a contractual notice requirement that would be a mere useless gesture (citation omitted)).

induce the plaintiff to act in reliance on the statement; and (2) the plaintiff acted in reliance on the statement, sustaining damage as a result. *See Pharma Holdings US, Ltd. v. Meds Direct RX of NY, LLC*, No. 16-Civ-60095, 2016 WL 11819530, at *7 (S.D. Fla. May 10, 2016) (citation omitted).

Guardiola argues that Plaintiffs fail to state a fraud claim against him because they do not allege that he made a false statement or otherwise engaged in conduct supporting such a claim; instead, they offer vague allegations directed at both Defendants. (*See* Mot. 3–5). Plaintiffs insist that the SAC sufficiently alleges Guardiola's own fraudulent conduct — and, alternatively, that the claim survives because Plaintiffs plead a conspiracy between the two Defendants. (*See* Resp. 8). The Court agrees the SAC lacks the factual grounding and specificity necessary to state a claim.

As Guardiola notes, Plaintiffs do not allege that Guardiola communicated or interacted with them — let alone that he made a misrepresentation to Plaintiffs in the context of a particular document or conversation. (*See* Mot. 4–5; *see generally* SAC). In fact, other than the statement that Guardiola was Blue Avian's sole member — and unrelated allegations that he attempted to evade service (*see* SAC ¶¶ 21–31) — the SAC is devoid of specific descriptions of Guardiola's conduct or statements (*see generally id.*).

At most, Plaintiffs allege that Guardiola and Labellarte *either* (1) *jointly* sent photos of the boxes of gloves to Plaintiffs on November 25, 2020 by "email *or* text[,]" despite knowing the boxes misrepresented the gloves as nitrile; *or* acted as co-conspirators, with one of the two Defendants sending images. (*Id.* ¶ 14 (alteration and emphasis added); *see also id.* ¶ 34). These allegations are inadequate to plead that Guardiola is liable for fraud, directly or as a co-conspirator.

Regarding direct liability, alleging that Guardiola *may* have sent misleading photos shows only the "mere possibility" that he personally engaged in fraudulent conduct. *Sinaltrainal*, 578

Case 1:24-cv-24723-CMA   Document 69   Entered on FLSD Docket 12/08/2025   Page 8 of 9

CASE NO. 24-24723-CIV-ALTONAGA/Reid

F.3d at 1261 (11th Cir. 2009) (citation omitted). To the extent Plaintiffs allege Guardiola and Labellarte "jointly" sent photos, the SAC does not satisfy Rule 9(b), which requires specific allegations of who made a false statement, rather than "generalized allegations lumping multiple defendants together[.]" *W. Coast Roofing & Waterproofing, Inc.*, 287 F. App'x at 86 (alteration added; citation omitted); *see also Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1440 (M.D. Fla. 1998) (dismissing fraud claim for failure to satisfy Rule 9(b) where the plaintiff failed to "differentiate between defendants").

Nor do Plaintiffs' co-conspirator allegations suffice. Plaintiffs do not plead a claim of conspiracy to commit fraud, as would be required for a claim premised on co-conspirator liability. (*See generally* SAC); *see also, e.g.*, *Wu v. Sagrista,* No. 19-81203-Civ, 2020 WL 13539900, at *1 (S.D. Fla. Jan. 22, 2020) (treating civil conspiracy to commit fraud and fraud as distinct claims); *Principal Life Ins. Co. v. Mosberg*, No. 09-22341-Civ, 2010 WL 473042, at *6 (S.D. Fla. Feb. 5, 2010) (explaining that a claim of conspiracy to commit fraud, requires an agreement to engage in fraud (citations omitted)). Even if Plaintiffs had pleaded a conspiracy claim, they would still have needed to comply with Rule 9(b) by pleading the specifics of any agreement between Guardiola and Labellarte — which Plaintiffs do not. (*See generally* SAC); *see also Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007) ("[W]here a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiff must also plead this act with specificity" (alteration added)).

### IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Alejandro Guardiola's Motion to Dismiss . . . **[ECF No. 63]** is **GRANTED**. The Second Amended Complaint **[ECF No. 26]** is dismissed without prejudice as against Guardiola. Plaintiffs, Bur-Tex Hosiery, Inc. and INOV8 Marketing,

CASE NO. 24-24723-CIV-ALTONAGA/Reid

LLC have until **December 22, 2025** to submit a third, and final, amended complaint; after which no further amendment will be permitted.

**DONE AND ORDERED** in Miami, Florida, this 8th day of December, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record